UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. BROWN, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 20-CV-0411-CVE-FHM |
| JUDGE LUDI-LEITCH, | ) |
| Tulsa County District Court Judge, | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

On August 17, 2020, plaintiff James D. Brown filed this case alleging that his constitutional rights were violated when he was evicted from Section 8 housing,[1] and he has named Tulsa County District Judge Deborrah Ludi-Leitch as the sole defendant. Dkt. # 1. Brown argues that the persons managing his Section 8 housing committed fraud and deceived Judge Ludi-Leitch by presenting false testimony at a court hearing in order to obtain an eviction order. Dkt. # 1, at 3. He also appears to be arguing that he did not receive a "due process evidentiary hearing" before he was evicted from his apartment. Id. at 2. Brown has requested leave to proceed without prepayment of fees and the Court finds that his motion to proceed in forma pauperis (Dkt. # 2) should be granted. Brown is reminded that proceeding in forma pauperis excuses prepayment of the filing fee, but he remains

---

[1] In 1974, Congress amended the United States Housing Act of 1937 to create the Section 8 housing program to aid low-income families in obtaining "a decent place to live." Cisneros v. Alpine Ridge Group, 508 U.S. 10, 12 (1993). Section 8 housing does not create a federal facility in which low-income housing is provided but, instead, the federal government provides financial assistance to landlords to make up the difference between the amount paid by the tenant and the fair market value of the property. Id.

obligated to pay the full filing fee when he is able to do so.  Brown v. Eppler, 725 F.3d 1221, 1230 (10th Cir. 2013).

Brown alleges that he lives in Section 8 housing in Tulsa, Oklahoma and he claims that there was a conspiracy to remove him from his apartment on an emergency basis.  Dkt. # 1, at 3.  He asserts that his landlord and the Mental Health Association presented false evidence in an effort to secure his eviction, and Brown denies that he had any contact with the police before his eviction. Id. at 3-4.  He claims that the plaintiffs in the eviction proceedings were motivated by a retaliatory motive, because Brown had made allegations that his landlord had embezzled federal funds meant for disabled or older citizens residing in Section 8 housing.  Id. at 6.  He claims that he had filed over 40 grievances concerning the denial of goods or services, and he claims that other residents were suffering the same denial of goods and services.  Id. at 9.  The complaint does not list specific claims that Brown is asserting against Judge Ludi-Leitch, but he does more clearly identify the relief he seeks.  Brown requests injunctive relief barring his eviction from his apartment and he asks this Court to vacate the state court's eviction order.  Id. at 10.  It appears that he is asking this Court to hold a new eviction hearing and he seeks a declaratory judgment that residents of Section 8 housing are entitled to a due process hearing before they can be evicted.  Id. at 11.  He also seeks a declaratory judgment that state courts lack jurisdiction over eviction proceedings for residents of Section 8 housing.  Id. at 12.

Brown has been granted leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable.  See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be

granted." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Although Brown has not cited 42 U.S.C. § 1983, he has alleged claims against a state actor for violation of his constitutional rights, and the Court infers that Brown is attempting to assert claims under § 1983. A judge generally has absolute immunity from claims for money damages for acts within her judicial capacity. Mireless v. Waco, 502 U.S. 9, 12 (1991). Brown alleges that Judge Ludi-Leitch presided over an eviction hearing and ordered his eviction based on falsified evidence. Dkt. # 1, at 3. He does not allege that the judge participated in any conspiracy to obtain his eviction

and he has not named the alleged conspirators as parties. Brown's allegations against Judge Ludi-Leitch pertain strictly to her role as a judicial officer and Judge Ludi-Leitch has absolute immunity from such claims. To the extent that Brown is seeking injunctive relief, § 1983 has been amended to bar claims for injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity" unless a declaratory decree was violated. 42 U.S.C. § 1983. Previous precedent allowing federal courts to issue an injunction against state court judges was abrogated by the amendment to § 1983, and the Tenth Circuit has been clear that federal courts have no authority to issue a writ of mandamus directed to state courts or state court judges. Know v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011).

Neither absolute nor statutory immunity bar a claim for declaratory relief against a judicial officer, but the Brown must establish that there is an actual case or controversy supporting the entry of declaratory relief. Schepp v. Fremont County, Wyoming, 900 F.2d 1448, 1452 (10th Cir. 1990). Brown seeks a declaratory judgment that residents of Section 8 housing are entitled to due process before they are evicted. Dkt. # 1, at 11. It is already established that residents of Section 8 housing have a right to notice and opportunity to be heard, and notice and hearing requirements are set forth in the Code of Federal Regulations. 24 C.F.R. § 982.555(c)(2); Woods v. Bd. of County Comm'rs of Cty. of Bernalillo o/b/o Benalillo Cty., 2020 WL 4035182 (D.N.M. July 17, 2020); Brantley v. West Valley City Housing Authority, 2009 WL 301820 (Feb. 4, 2009). Brown seeks a declaratory judgment that state courts lack jurisdiction over cases involving Section 8 housing and that federal courts are required to hold a due process hearing before a person can be evicted from Section 8 housing. Dkt. # 12. However, eviction hearings are routinely held in state court and the allegations of Brown's complaint state that his eviction hearing was held on an emergency basis after he

4

allegedly had an encounter with the police. Dkt. # 1, at 3-4. State courts do not lack jurisdiction over such hearings, even if the eviction concerns a person who receives housing assistance under Section 8. Brown could be claiming that he is entitled to additional procedural protections before he can be removed from Section 8 housing, but Judge Ludi-Leitch is not the appropriate defendant for such a claim. Judge Ludi-Leitch's role was limited to the eviction hearing and Brown must name the person or entity responsible for his eviction in order to proceed with a claim seeking additional process. Brown has not shown that he has a colorable claim against Judge Ludi-Leitch for declaratory relief, and she has absolute immunity from claims for money damages and injunctive relief. The Court finds that Brown has not stated a colorable claim under § 1983 against Judge Ludi-Leitch and his claims should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's claims are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**, and motion for temporary restraining order (Dkt. # 3) and motion to take judicial notice (Dkt. # 4) are **moot**.

**DATED** this 24th day of August, 2020.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE